IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREW R. SPENGLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-716-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Andrew R. Spengler, a federal prisoner confined at the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth), against Rodney W. Chandler, warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner and other off-duty Milwaukee police officers were accused of savagely beating Frank Jude on the morning of October 24, 2004. Petitioner and his codefendants were charged in state court with conspiracy, aiding and abetting, and "substantial battery" but acquitted of the charges following a lengthy trial. Pet'r's Mem. 2, ECF No. 2. Petitioner was subsequently indicted in the United States District Court for the Eastern District of Wisconsin for conspiracy to deprive another of civil rights under color of law (Count One) and deprivation of civil rights of another under color of law (Count Two), in violation of 18 U.S.C. §§ 241 and 242. On July 26, 2007, a federal jury found Petitioner guilty of the offenses, and, on November 29, 2007, the convicting court sentenced

Petitioner to a total term of 188 months' imprisonment and ordered him to pay costs and restitution. J., United States v. Spengler, Criminal Docket for Case No. 2:06-cr-273-CNC-2, ECF Nos. 160, 196. Petitioner appealed his convictions and sentences and filed a § 2255 motion to vacate, set aside or correct his sentences in the convicting court, all to no avail. *Id.*, ECF No. 284.

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) Federal subject matter jurisdiction is absent in the federal prosecution;

(2) He is actually innocent of Count One; and

(3) His consecutive sentences violate the Constitution's Double Jeopardy Clause against multiple punishments.

Pet. 5-6, ECF No. 1.

## III. DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that

2

retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Although Petitioner raises a savings-clause argument, he fails to meet the three requirements.

First, Petitioner asserts that his acquittal of the same charges in state court bars prosecution in federal court, and he relies primarily on *Bond v. United States,* 564 U.S. 211 (2011). However, the Supreme Court has not held that *Bond,* a direct appeal, applies retroactively to cases on collateral review. Nor does *Bond* invalidate 18 U.S.C. § 241–*i.e.,* decriminalize Petitioner's conduct, for purposes of an actual-innocence claim as to Count One of the indictment. *Williams v. Holder,* 471 Fed. App'x 318, 2012 WL 1991764, at *1 (5th Cir. June 4, 2012); *Bedolla v. Obama,* 460 Fed. App'x 292, 2012 WL386295, at *1 (5th Cir. Feb. 7, 2012); *Blodgett v. Martin,* 2011 WL 6187097 at *1 (5th Cir. Dec.14, 2011).

Second, while acknowledging that he raised his claims in his § 2255 motion or amendments to the motion, Petitioner asserts that because the convicting court ruled the claims were procedurally defaulted, § 2255 is rendered inadequate and ineffective. Pet'r's Mem. 1, ECF No. 2. He further asserts that a jurisdictional defect cannot be procedurally defaulted and that if he cannot bring the claim under § 2255, he must be able to bring the claim under § 2241 or the writ of habeas corpus will be impermissibly suspended. Although the question of federal subject matter jurisdiction is never waived, the convicting court addressed and rejected Petitioner's jurisdictional claim, albeit in the context of an ineffective-assistance claim. (Pet'r's App. 3-4, 11, 30, 33-35, ECF No. 3.) Petitioner's suspension-of-the-writ contention is also meritless. The savings clause under § 2255 does not violate the Suspension Clause of the United States Constitution. *Wesson v. U.S. Penitentiary, Beaumont,*

305 F.3d 343, 346–47 (5th Cir. 2002).

In summary, Petitioner cites to no retroactively applicable Supreme Court decision that would arguably decriminalize his conduct, nor were his claims foreclosed at the time of his trial, appeal and § 2255 motion. Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences. A § 2241 petition is not an additional, alternative or supplemental remedy to the one provided by § 2255. *Jeffers,* 253 F.3d at 830; *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). A prior unsuccessful § 2255 motion or the inability to meet procedural hurdles under the statute does not make § 2255 inadequate or ineffective. *Tolliver,* 211 F.3d at 878. Petitioner has not met the three criteria required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding. The Court is therefore without jurisdiction to consider the petition. *Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claims do not fall within the savings clause of § 2255(e), they are not cognizable in a § 2241 petition.

## IV. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction and a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of October, 2016.

Reed O'Connor
UNITED STATES DISTRICT JUDGE